ORDER
GRITT, JUDGE:
An application of the claimant, Mary E. Kovar, for an award under the West Virginia Crime Victims Compensation Act, was filed March 2, 2004. The report of the Claim Investigator, filed August 24,2004, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on November 9, 2004, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed December 1, 2004. This matter came on for hearing July 22, 2005, the claimant appearing in person, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
In the early morning hours of February 15, 2004, the 29-year-old claimant was the victim of criminally injurious conduct at a bar in Clarksburg, Harrison County. The claimant was trying to stop an argument between a couple when she was assaulted by Marcus Lewis and Vernon Payne.
As a result of the attack, the claimant suffered a broken jaw and other facial injuries.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code §14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.”
The claimant testified at the hearing of this matter that on the evening in question, she drove to a bar named The Matador with a friend, Jessica Barker. She stated that she had not had anything to drink at all. Ms. Kovar was dancing while her friend was talking with Vernon Payne. Mr. Payne shoved the claimant’s friend, at which time Ms. Kovar stepped in between the two. She testified that she then turned towards Ms. Barker when Marcus Lewis struck her in the back of the head. Ms. Kovar stated that she did not throw any punches and that the first punch was thrown by Mr. Lewis. Mr. Payne then hit her in the side of the face, knocking her over tables, against a wall, and onto the floor. Ms. Kovar stated that she was being hit while on the ground. Other people in the bar helped get the two men away from her. At this point the police arrived at the scene. Ms. Kovar stated that she eventually drove herself to the hospital. She was in the hospital for four days and had to have her mouth wired shut from February 15, 2004, to May 5, 2004.
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that she was not guilty of contributory misconduct. The claimant testified that she had not been drinking *186 while at the bar. Ms. Kovax further stated that she had not thrown any punches prior to being struck and that she was only trying to separate her friend from Mr. Payne. In light of the evidence put forth by the claimant, the Court is of the opinion that she has met her burden of proof. The evidence adduced at the hearing of the matter establishes that the claimant had not been drinking and was in no way guilty of contributory misconduct.
The Court is constrained by the evidence to reverse its previous ruling and find that the claimant was not guilty of contributory misconduct.
Based on the foregoing, the Claim Investigator is hereby directed to prepare an economic loss analysis to ascertain the claimant’s unreimbursed allowable expenses relating to the incident for further review by this Court.